[No. 11676.    Department Two. — May 20, 1889.]

WILLIAM HILL, RESPONDENT, v. CITY CAB AND TRANSFER COMPANY ET AL., DEFENDANTS. C. G. JONES, APPELLANT.

ACTION ON JUDGMENT — JURISDICTION — COLLATERAL ATTACK — UNAUTHORIZED APPEARANCE OF ATTORNEY — DEFENSE UPON MERITS. — While equity will not relieve against a judgment, unless there is a defense upon the merits, and while a defendant cannot collaterally assail a judgment in an action at law unless it be void on its face, yet if in an action upon a judgment a defendant should be allowed without opposition to show in defense that the judgment had been obtained against him without personal service, or authorized appearance for him, and that an attorney had appeared for him without authority, and the court finds these facts to be true, the judgment is to be held void the same as if it appeared to be void upon its face; and being void, it cannot be a cause of action, or require a showing of defense upon the merits.

ID. — IMPEACHING JUDGMENT COLLATERALLY — CONSTRUCTION OF CODE. — Section 1916 of the Code of Civil Procedure simply means that evidence is admissible to impeach the judgment in the cases allowed by law; and

does not change the general rule that a defendant cannot collaterally assail a judgment for want of jurisdiction, unless it be void on its face. But this rule is not that a judgment which is void will be enforced as if valid; but that it cannot be shown to be void except in certain cases. If admitted to be void, or shown to be void without objection, it must be treated as void.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought on a judgment against the City Cab and Transfer Company and Leander Sawyer, Oliver Hinckley, James Cobblestick, C. G. Jones, Russell J. Wilson, and S. D. Woods, upon a judgment rendered against them jointly in the district court on October 4, 1878, for one thousand dollars, with interest and costs. The defendant C. G. Jones answered that he was never served with summons or process of any kind in the action upon which the judgment was rendered, and never appeared, or authorized any one to appear for or represent him therein; that one S. D. Woods assumed to represent him in said cause and appear for him, but that said Woods was never employed by him for that or any other purpose; and that said Woods had no power or authority whatever to appear for or represent this defendant therein, and this defendant had no knowledge that he had so appeared until a few weeks prior to commencing this action. The court below found the facts thus pleaded in favor of the defendant Jones, but rendered judgment against him notwithstanding, because he presented no defense to the judgment upon the merits. From this judgment defendant Jones appealed.

*J. C. Bates*, for Appellant.

Appearance of an unauthorized attorney may be shown in assailing a judgment for want of jurisdiction. (*Shelton* v. *Tiffin*, 6 How. 186; *Bordutha* v. *Goodrich*, 3 Gray, 509; *Ferguson* v. *Crawford*, 70 N. Y. 253; 26 Am. Rep. 589; *Robson* v. *Eaton*, 1 Term Rep. 62; *Reynolds* v.

*Fleming*, 30 Kan. 106; 46 Am. Rep. 86.) The judgment may be shown to be void for want of jurisdiction. (*Hanswirth* v. *Sullivan*, 6 Mont. 203; *Earle* v. *McVeigh*, 91 U. S. 507; *Clark* v. *Little*, 41 Iowa, 497.)

*Thompson & Thompson*, for Respondent, cited *People* v. *Mariposa Company*, 39 Cal. 683; *Boston Tunnel Company* v. *McKenzie*, 67 Cal. 485; *Tyrrell* v. *Baldwin*, 67 Cal. 1; *Foote* v. *Richmond*, 42 Cal. 439; Civ. Code, sec. 19; *Golden Gate M. Co.* v. *Superior Court*, 65 Cal. 187; *Ayres* v. *Palmer*, 57 Cal. 316.

BELCHER, C. C.— This was an action upon the judgment of a court of general jurisdiction. The defendant pleaded in defense that said judgment had been obtained without service upon him or any authorized appearance on his behalf. The court below found these facts to be true, but rendered judgment against defendant, upon the ground that he did not show that he had a meritorious defense to the original action. We think that this was error.

It is true that a court of equity will not give relief against a judgment unless it be shown that the complainant had a defense upon the merits. Equity in such case will simply hold its hand and leave the parties to their rights at law. It is also true that at law a defendant cannot collaterally assail a judgment unless it be void on its face. This was held after careful consideration in *Carpentier* v. *Oakland*, 30 Cal. 439, and the general doctrine of that case has recently been approved. (*Hodgdon* v. *S. P. R. R. Co.*, 75 Cal. 648.) And it is in accordance with the preponderance of authority elsewhere. (See Freeman on Judgments, 3d ed., sec. 116.) In New York, where a contrary doctrine seems to prevail, it is admitted that the rule there rests upon the local law of that state, and "finds no support in adjudications elsewhere." (*Ferguson* v. *Crawford*, 70 N. Y. 267;

26 Am. Rep. 589.)    And we do not understand that our
statute has changed the rule.    Section 1916 of the Code
of Civil Procedure simply means that evidence is admissible to impeach the judgment in the cases allowed by
law, not in all cases whatsoever.

But this rule is not that a judgment which is void
will be enforced as if it were valid, but that it cannot be
shown to be void except in certain ways.    If the party,
however, should admit the facts which show the judgment to be void, or if he should allow them to be established without opposition, then, as a question of law
upon such facts, we do not see why the case is not like
that where a judgment is void upon its face.    In the
present case, the findings establish the fact that there
was no service of summons upon or authorized appearance by the defendant.    And none of the evidence is
brought up, nor does the question appear to have been
raised by exception or demurrer, or in any other way.
The facts, therefore, must be taken to be established by
the record beyond all controversy.    And upon such
facts the law is, that the judgment is void.    (*Baker* v.
*Riordan*, 65 Cal. 371, 372; *Merced Co.* v. *Hicks*, 67 Cal.
109.)    The judgment sued on, being shown to be absolutely void, cannot be held to be valid, or to be a cause
of action.

We advise that the judgment appealed from be reversed, and the cause remanded, with directions to enter
judgment for the defendant Jones.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing
opinion, the judgment is reversed, and cause remanded,
with directions to the court below to enter judgment for
the defendant Jones.