[No. 18158.   Department One. — October 14, 1893.]

IDA HITCHCOCK, BY HER GUARDIAN, ETC., RESPONDENT v. WILLIAM A. CARUTHERS ET AL., APPELLANTS.

EXECUTION—PURCHASE OF PROPERTY OF THIRD PARTY—REVIVAL OF JUDGMENT—CONSTRUCTION OF CODE.—Section 708 of the Code of Civil Procedure, which provides for a revival of the original judgment in the name of the purchaser at sheriff's sale, or his successor in interest, for the amount paid at the sale, if he fails to recover possession because the property was not subject to execution and sale, is remedial in its character, and is to be liberally construed, and if the property sold was the property of a third person and not of the defendant in the execution and is lost to the purchaser it amounts to a sale of property not subject to execution and sale within the meaning of the statute, and the purchaser is entitled to the remedies afforded by that section.

ID.—BOND TO STAY EXECUTION—LIABILITY OF SURETIES.—The obligation upon the sureties upon an undertaking to stay execution pending an appeal to pay the judgment in case of the default of the defendant is absolute, and continues until the judgment is actually paid; and when the judgment has been revived against the defendant, under section 708 of the Code of Civil Procedure, after having been satisfied by the purchase of property under execution which belonged to a third party, and was recovered by such third party, the sureties are liable to pay the amount of such revived judgment, and a new judgment may be entered against them for such amount upon notice to them, unless they can show

that the judgment was properly satisfied, and that the satisfaction was not properly set aside.

ID.—NOTICE TO SURETIES.—Although the original judgment may be entered against the sureties under their undertaking to stay execution without notice to them, yet the judgment against them cannot be revived upon revival of the judgment against the original defendant under section 708 of the Code of Civil Procedure, without notice to the sureties and an opportunity to them to be heard.

APPEALS from judgments of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*J. P. Meux,* for Appellants.

*Church & Cory,* and *H. H. Welsh,* for Respondent.

HARRISON, J.—The defendant Caruthers appealed from a judgment rendered against him for the sum of seven thousand five hundred dollars, and gave to the plaintiff an undertaking, with the other appellants herein as sureties, to stay the execution of the judgment pending the appeal. The judgment was affirmed in this court, and, after the filing of the remittitur in the court below, judgment was entered against the sureties in the undertaking in accordance with the provisions of section 942 of the Code of Civil Procedure. Execution was thereupon issued upon the judgment against the defendant, under which the sheriff levied upon certain personal property in the possession of the defendant, and sold the same to the respondent, who had become the assignee of the judgment, and the proceeds were credited upon the judgment. The balance of the judgment was paid in money by the defendant, and thereupon the plaintiff satisfied of record the judgment against the defendant, and also the judgment against the sureties. After these judgments had been thus satisfied, the wife of the defendant brought an action against the respondent for the recovery of the property purchased by him at the sale, and in that action it was adjudged that at the time of the levy and sale the property was not the

property of the defendant, but belonged to his wife, and the property was taken from the respondent and delivered to the owner. Thereupon, upon motion of the respondent, the court made an order under the provisions of section 708 of the Code of Civil Procedure, reviving the judgment in his favor for the sum of six hundred and seventy-five dollars, the amount in which the judgment had been credited for the property lost by him in the above action, and afterwards ordered that judgment for the same amount be entered against the sureties. This last order was made upon notice thereof to the attorney for the defendant, but no notice thereof was given to the sureties, or either of them. The defendant has appealed from the judgment so revived against him, and the sureties from the judgment entered against them.

Section 708 of the Code of Civil Procedure provides that "if the purchaser of property at sheriff's sale, or his successor in interest, fail to recover possession in consequence of irregularity in the proceedings concerning the sale, or because the property sold was not subject to execution and sale, the court having jurisdiction thereof must, after notice and on motion of such party in interest or his attorney, revive the original judgment in the name of the petitioner, for the amount paid by such purchaser at the sale," etc. In *Cross* v. *Zane*, 47 Cal. 602, it was held that, as this section is remedial in its character it is to be liberally construed, and that, if the property sold was not the property of the defendant in the execution it amounted to a sale of property not subject to execution and sale within the intent of the statute; and upon the principles of that case it must be held that, if the purchaser lose the possession of the property after its purchase because it was not the property of the defendant in the execution, he is entitled to the remedies afforded by the act. In *Meredith* v. *Santa Clara Mining Association*, 60 Cal. 617, it was held that upon a motion to enter judgment against the sureties on their undertaking to stay execution pending the appeal provided for by section 942, no notice to them is

necessary; that by their stipulation in the undertaking they have voluntarily made themselves parties to the action, and that the court has acquired a jurisdiction over them which it retains until the enforcement of any judgment recoverable against them as parties to the action.

Although by entering into the undertaking they have been brought under the jurisdiction of the court, they have not thereby been made actors in the litigation, or entitled to any part in its conduct.   The defendant, for whom they have guaranteed the payment of the judgment, is still entitled to the conduct of his defense, and the party to whom they have given the undertaking is not required to give them notice of any steps in procedure to be taken against the defendant, but they are bound equally with him by any order which may be made between the real parties in the action.   They are liable upon their undertaking, even though the appeal is dismissed by his consent.   (*Chase* v. *Beraud*, 29 Cal. 138.) Their obligation to pay the judgment in case of his default is absolute, and extends until the judgment shall. have been actually paid.   Any performance by the defendant that will discharge the judgment against him will operate as a discharge against them, and any act of the plaintiff that will release the defendant from the judgment will also release them, but so long as the plaintiff has the right to enforce the judgment against the defendant he is entitled to enforce their obligation.  ‾It would not be contended that the sureties would be discharged if the defendant had procured a satisfaction of the judgment through some mistake, as by an error in making payment of the amount due upon the judgment, or by a payment in money which proved to be counterfeit, or had knowingly turned over to the plaintiff in satisfaction of the judgment property belonging to another, which the plaintiff had afterwards been compelled to surrender to the real owner.   The same grounds which would prevent the defendant from insisting upon such a transaction, as a discharge of his obligation,

would prevent them from insisting that they were discharged, and it would be immaterial that a formal satisfaction of the judgment had been placed on record. Their obligation is that the appellant will pay the amount of the judgment against him, and the terms of this obligation are to be interpreted by the same rules as are the terms of any other contract. (Civ. Code, sec. 2837.) In the present case the defendant has not paid the judgment, and the court has found that under the provisions of section 708 of the Code of Civil Procedure, he is not entitled to the benefit of the satisfaction thereof that had been given. The property which was taken from him for the purpose of satisfying the judgment, and to the taking of which he does not appear to have objected, was not his property, and consequently neither he nor the sureties have parted with any right or advantage in consideration of the satisfaction, and there is no principle of morals or rule in equity by which the sureties can claim the benefit of the formal satisfaction given in consideration of the receipt of that property.

The judgment against the sureties must, however, be reversed for the reason that it was entered without any notice to them. When the plaintiff caused the judgment to be entered against them in accordance with their stipulation in the undertaking, he assumed the same obligations towards them in reference to this judgment as rest upon any other judgment creditor. After he had satisfied it against them the court was not authorized to set aside this satisfaction or to revive the judgment without giving them an opportunity to be heard. They should have been allowed to present any matter that had occurred subsequent to the entry of the original judgment against them which the court might deem sufficient to authorize a denial of the plaintiff's motion. If the judgment against the defendant had not in fact been paid their obligation would not have been performed, and the mere fact of its satisfaction under such circumstances as would authorize the court to set it aside, as against the defendant, would be no

defense to a motion by the plaintiff to set it aside as against them. They were, however, entitled to contest this fact, and to contest the claim of insufficiency of the circumstances under which the satisfaction had been made, and the decision of the court in the proceeding between the plaintiff and the defendant would not be conclusive upon them. The court should not order a new judgment to be entered against them without giving them the same opportunity to be heard as by section 708 the judgment debtor is himself entitled to receive. If, however, upon such hearing the court should be satisfied that the original satisfaction had been entered inadvertently, or under such circumstances as required it to be set aside, it should make an order to that effect, and it might at the same time designate the amount for which the judgment should be permitted to stand.

The judgment against the defendant is affirmed, and the judgment against the sureties is reversed, with leave to the petitioner to take such further proceedings against them as he may be advised.

GAROUTTE, J., and BEATTY, C. J., concurred.