[L. A. No. 207.    Department Two.—June 17, 1897.]

W. G. WITTER, Appellant, v. S. BACHMAN et al., Respondents.

Pleading—Amendment of Complaint—Opening Default.—The amendment of a complaint in matter of substance after the entry of a default has the effect to supersede the original complaint, and to open the default.

Street Assessment—Foreclosure of Lien — Failure of Superintendent to Sign Record of Return.—In an action to foreclose the lien of an assessment for street work, where it appears that the superintendent of streets failed to sign the record of the return of the warrant, such omission is fatal to plaintiff's cause of action.

Id.—Prima Facie Evidence—Subsequent Steps—Patent Defect in Return of Warrant—Failure to Object to Evidence.—The fact that the assessment, warrant, diagram, certificate, and affidavit of demand and nonpayment are made "*prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the superintendent of streets and city council, and like evidence of the right of the plaintiff to recover," does not make them *prima facie* evidence of the correctness of any step necessary to be taken subsequently; and when the return of the warrant is self-impeached, by showing on its face that the superintendent of streets did not sign the record of the return, and there is a failure to prove the averment of the complaint that the superintendent did sign such record in fact, there is a failure to make a *prima facie* case; and the failure of the defendant to object to the evidence of the warrant cannot make the warrant proof of the signature of the record of the return.

Appeal from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. V. A. Gregg, Judge.

The facts are stated in the opinion.

*G. F. Witter*, for Appellant.

*Venable & Goodchild*, for Respondents.

Chipman, C.—This is an action to foreclose a contractor's lien for certain work done upon the sidewalks in front of certain lots in the city of San Luis Obispo.

Plaintiff filed a complaint, and caused summons to issue, which was served upon defendant Sallie Zederman only. Plaintiff caused default to be entered against her

by the clerk for not answering, whereupon her counsel moved to set aside the default. The court granted the motion. Plaintiff prepared a bill of exceptions to bring up this alleged error of the court. Much of his brief is devoted to a discussion of the law as to when a defendant may have a default judgment set aside, which has been entered against him. But plaintiff, shortly after this order was made, filed an amended complaint, introducing an additional defendant (W. W. Tinker), and alleging some new matter, to which the defendants, Zederman and Tinker, answered, and plaintiff went to trial on this amended complaint and answer. Besides, there was no judgment entered upon the default, and none asked for. The amended complaint constituted a new complaint, which superseded all other pleadings in the case. By amending his complaint in matter of substance, as was done here, it had the effect to open the default. (*Thompson* v. *Johnson*, 60 Cal. 292.)

The action set forth in the amended complaint was to recover the contract price of certain work mentioned in the original complaint, and to foreclose the lien thereof. Defendants had judgment. This appeal is from the judgment and from the order denying plaintiff's motion for a new trial.

The case arises under the several acts so frequently before this court. (Stats. 1885, p. 147; Stats. 1889, p. 157; Stats. 1891, p. 196.) No question is presented as to the sufficiency of the complaint. Plaintiff offered in evidence the assessment, diagram, warrant, certificate, and affidavit of demand and nonpayment. The warrant was duly signed by the superintendent of streets and countersigned by the president of the board of trustees, and recorded. Evidence was offered of the ownership of the lots in question, and also that a deposit had been made to provide for the payment of the assessment in controversy, and plaintiff rested.

It was shown by defendants that the street superintendent did not in fact make the entries in the assessment-roll, but he authorized them to be entered and he

afterward signed the record. This was sufficient to make the entries his own.

The defendants were then permitted to prove, against plaintiff's objection, that defendant Zederman asked permission through one Dickerson from the district attorney to construct the sidewalks in front of her lots (the lots in question); that she made a contract with said Dickerson August 15, 1892, to do the work for her, and he did it. Defendants were also permitted, against plaintiff's objection, to introduce the minutes of the board, where the council awarded the contract to plaintiff's assignor (one Pollard, the contractor), to show that the council granted permission to defendant Zederman to construct the sidewalks in front of her lots. Defendants then had read from the minutes the resolution of intention and the contract with said Pollard to do the work. The resolution included the work in question, was introduced August 17, 1891, and passed on September 7, 1891, and ordered published for two days successively. The contract was introduced by defendant and bears date September 24, 1892, and recites that it is made pursuant to proceedings of the board on September 5, 1892, awarding the contract, which latter proceedings do not appear in the record; in the body of the contract is to be found the resolution of intention and various proceedings of the board by way of recitals, and among these is a resolution of the board in which occurs the following:

"1. That sidewalks be constructed on Osos street of said city in accordance with the resolution of intention passed on September 7, 1891 (*excepting, however, such places where, in the meantime, sidewalks may have been constructed*)," etc. This resolution was passed October 19, 1891. The court found the facts as alleged in the complaint, except that it found: 1. That on August 15, 1892, upon the application of defendant Zederman, the then owner of the lots in question, the board granted her permission to construct the sidewalks in front of said lots, under private contract with one Dickerson; that the

work was done by him and was substantially completed before the contract was let to Pollard; 2. That Pollard did no work and furnished no material upon the lots sought to be charged with the lien; 3. That the record of the return upon the warrant and assessment was not signed by the superintendent of streets, and that, while the contract was left with him, it was not recorded or marked as filed or recorded by him or at all.

Plaintiff offers no evidence to show that the work for which he claims pay was done by him, except the assessment, diagram, warrant, certificate, and affidavit of demand of nonpayment, which he alleges made a *prima facie* case; and he further claims that when recorded in the office of superintendent of streets they constituted a lien; that it was error to prove by parol the permission to defendant Zederman to do the work on her own lots; that three-fourths of the owners were not shown to have entered into a written contract nor made written application within ten days after the first posting and publication of the notice of award, nor did they elect to take the work at any price; that no contract with said Zederman was shown; that the board acquired jurisdiction of the matter, and that defendants' only remedy was by appeal to the council.

There is no brief on file for respondents, and we are left without any assistance from them. The certified copy of what purported to be the assessment, diagram, warrant, certificate, and affidavit of demand and non-payment, was introduced without objection. The assessment shows items against the lots in question amounting to one hundred and forty-five dollars and seventy-eight cents.

There is no evidence to justify the finding of the court that the council granted permission to defendant Zederman to construct the sidewalks in front of her lots. There is no evidence to sustain the finding that this defendant completed the work before the contract was let to Pollard, the contractor, although there is evidence tending to show that she did the work, and that

the contractor did no part of it.   The evidence justifies the finding that the record of the return upon the warrant was not signed by the superintendent of streets, and there is evidence to justify the finding that, although the contract of Pollard was left with the superintendent, it was not recorded or marked filed or recorded by him or at all.

Section 10 of the act of 1885 requires that the warrant shall be returned to the superintendent, with a return indorsed thereon by the contractor, verified by oath, stating the nature and character of the demand, etc.   "Thereupon the superintendent of streets shall record the return so made, in the margin of the record of the warrant and assessment, and also the original contract referred to therein, if it has not already been recorded, at full length in a book to be kept for that purpose in his office, and shall sign the record."

The indorsement upon the return is as follows: "Returned this 15th day of July, 1893, and return recorded. Supt. of Public Streets."

The transcript nowhere shows that the contract was recorded, although defendants introduced and read from the minutes of the council what appears to be the contract between Pollard and the street superintendent, which was recognized by all parties as the contract, and which was the basis of the claim.

If the decision of the case were to rest wholly on the failure of the plaintiff to show that the superintendent failed to record the contract, I should hesitate to hold this alone as fatal to plaintiff's lien, inasmuch as it appears affirmatively and by defendants' evidence that all parties knew of the contract, and it was in fact spread at length upon the minutes, but the superintendent of streets failed to sign the record of the return.   The title of his office is there, but the name of the officer is wanting, and there is the name of no deputy or other person acting for him.

Among the prerequisites to the existence of a valid right of action in any case is this, to wit, that "the

superintendent of streets shall record the return . . . . and sign the record." This was not done, and the omission was fatal to plaintiff's cause of action. (*Himmelman* v. *Danos*, 35 Cal. 441; *Dougherty* v. *Hitchcock*, 35 Cal. 512.)

Plaintiff insists that he made a *prima facie* case when he introduced the assessment, warrant, diagram, certificate, and affidavit of demand and nonpayment. (Citing *Jennings* v. *Le Roy*, 63 Cal. 397; *Jennings* v. *Le Breton*, 80 Cal. 8; *Ede* v. *Knight*, 93 Cal. 159; *Perine* v. *Erzgraber*, 102 Cal. 234.) The act makes these "*prima facie evidence* of the regularity and correctness of the assessment and of the *prior* proceedings and acts of the superintendent of streets and city council, and like evidence of the right of the plaintiff to recover." I do not understand that these are *prima facie* evidence of the correctness of any step necessary to be taken subsequently. Section 10 of the act, as we have seen, requires the warrant to be returned, and the return to be recorded, and the record signed by the superintendent. None of the cases cited by plaintiff presented facts as exist here. There was nothing in those cases to show any defect in this *prima facie* evidence. But here the return of the warrant is self-impeached by showing on its face the fatal defect, and the only question that can arise is whether this court will take notice of it in view of the fact that defendant did not object to the evidence.

It was alleged in plaintiff's complaint that the superintendent duly recorded the return of the warrant in the margin of the record of the said warrant and assessment, and also the original contract referred to therein at full length, in a book kept by him for that purpose in his office, and signed said record.

I think this essential averment should have been proved. The admission in evidence of the warrant without objection cannot be held to prove a fact not shown on its face, and the facts essential, as above alleged, were not shown in the warrant, nor elsewhere. The most

this court is authorized to do is to accept the warrant as evidence of what appears on its face.

Plaintiff makes several assignments of error based upon objections to testimony which have already been stated. It is unnecessary to consider these, for unless plaintiff, by his evidence, presented at least a *prima facie* case, the errors of the trial court, if any, when corrected, would not enable plaintiff to maintain his action. He did not present such *prima facie* case. It fell short in at least one vital particular.

The judgment and order denying motion for new trial should be affirmed, and it is so recommended.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying motion for a new trial are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.