[Civ. No. 3445. Third Appellate District.—February 25, 1928.]

LA PALOMA LAND COMPANY (a Corporation), Appellant, v. CARL W. SHANNON, as Administrator, etc., et al., Defendants; CORA B. CAMPBELL, as Administratrix, etc., Respondent.

Albert H. Elliot and Guy C. Calden for Appellant.

D. M. Maclean and Hugo McKinley for Respondent.

PLUMMER, J.—This is an appeal by the plaintiff from an order of the trial court granting a motion interposed after judgment by the respondent Cora B. Campbell to set aside, after judgment, a judgment obtained by the plaintiff in an action wherein the La Paloma Land Company, a corporation, was plaintiff and Carl W. Shannon, as administrator of the estate of Duncan Campbell, deceased, John Doe, Richard Roe, and Jane Doe were named as defendants, and in which action dismissal was entered as to the fictitious defendants John Doe, Richard Roe, and Jane Doe.

The record in this action shows that one Duncan Campbell died in the county of Stanislaus, state of California, on or

about the sixteenth day of June, 1919. That thereafter Carl W. Shannon, the public administrator of the county of Stanislaus, on or about the eighth day of July, 1924, filed a petition in the office of the county clerk of Stanislaus County setting forth that the said Duncan Campbell was a resident of the county of Stanislaus at the time of his death, and left estate therein, and praying for his appointment as administrator thereof, the petition setting forth that there were no known heirs of said decedent residing in the state. Notice of this application was duly given as required by law, and thereafter, and on the twenty-first day of July, 1924, after hearing had upon said application, an order was duly made and entered by the superior court of the county of Stanislaus appointing the said Carl W. Shannon administrator of the estate of Duncan Campbell, deceased. On the twenty-fifth day of July, 1924, in pursuance of said order, the oath required by law was taken by said Carl W. Shannon as administrator of said estate, and letters of administration, under the seal of said court, were duly issued to him. Thereafter, and some time during the month of August, 1924, the La Paloma Land Company, a corporation, as plaintiff, began an action against said Carl W. Shannon as administrator of the estate of Duncan Campbell, deceased, and the fictitious persons named as defendants, as aforesaid, to quiet title to certain real estate lying and being in the county of Stanislaus, particularly described in said complaint. That thereafter, and on or about the eighteenth day of August, 1924, a *lis pendens* or notice of action was filed by the plaintiff as provided for by law, in which the real estate involved was particularly described. Thereafter, and on or about the twentieth day of October, 1924, Carl W. Shannon, as administrator of the estate of Duncan Campbell, deceased, served and filed his answer to the plaintiff's complaint herein just referred to. On the eighth day of December, 1924, said action to quiet title came on regularly to be heard. The plaintiff appearing by his attorney and Carl W. Shannon, as administrator of the estate of Duncan Campbell, deceased, appearing by his attorney. Upon motion of the plaintiff the action was dismissed as to John Doe, Richard Roe, and Jane Doe. Oral and documentary evidence was introduced and the cause submitted to the court for decision, and thereafter and on the eleventh day

of December, 1924, a decree was signed, filed, and recorded in said cause quieting title of the plaintiff to the lands and premises described in the complaint, the decree reciting the dismissal of the action as to John Doe, Richard Roe, and Jane Doe.

On the tenth day of June, 1925, Cora B. Campbell, as administratrix of the estate of Duncan Campbell, deceased, appeared by her attorneys, and on that date filed a motion to vacate and set aside the judgment theretofore entered in the case of the said La Paloma Land Company against Carl W. Shannon, and asked to be allowed to file her verified answer to the plaintiff's complaint on file in said action, said motion being based on the grounds that the judgment therein was made and entered through inadvertence and without the knowledge or consent of said Cora B. Campbell as such administratrix, and on the further ground that the said Cora B. Campbell, ever since the twenty-ninth day of July, 1919, had been and still was the duly appointed, qualified, and acting administratrix of the estate of said Duncan Campbell, deceased, and that the said Carl W. Shannon was not, and had not at any time been, the administrator thereof. Upon the filing of this petition an order was made directing the plaintiff La Paloma Land Company to be and appear before said court at a time designated in said order, then and there to show cause, if any there be, why said motion should not be granted and why said judgment should not be set aside and vacated, and why said Cora B. Campbell, as such administratrix, should not be permitted and allowed to appear and defend in said action. The order did not require the said Carl W. Shannon to appear and show cause why the letters of administration issued to him should not be vacated, though a copy of the papers filed by the respondent were directed to be served upon him. The notice of motion which we have referred to had attached to it certified copies of letters of administration issued to the said Cora B. Campbell upon the estate of Duncan Campbell by the superior court of Los Angeles County as follows: "Letters of Administration issued to Cora B. Campbell by the Clerk of the Superior Court of the County of Los Angeles, under the seal thereof, dated the 29th day of July, 1919," to which was attached the oath of office taken by the said Cora B. Campbell as such administratrix, dated

July 29, 1919. Attached to the letters was a certificate of the clerk of the superior court of the county of Los Angeles that such letters had not been revoked, and that the same were in full force and effect. Attached to the notice of motion, the affidavits, and letters of administration to which we have just referred was a copy of a verified answer by the said Cora B. Campbell as administratrix of the estate of Duncan Campbell, deceased, for which leave to file was requested. This answer appears to be word for word and figure for figure an exact copy of the answer filed by Carl W. Shannon as administrator of the estate of Duncan Campbell, deceased, in the action begun and prosecuted by the La Paloma Land Company, as aforesaid, save and except that the name of Cora B. Campbell was substituted in the place of Carl W. Shannon, and also that the said Cora B. Campbell purported to appear in said action as a person sued as and under the fictitious name of John Doe. Additional affidavits were filed in the matter by the respective parties relative to the residence of the said Duncan Campbell prior to and at the time of his death. Nothing, however, appears in the record indicating that there was any negligence on the part of Carl W. Shannon in the manner of conducting the defense in the action prosecuted against him by the La Paloma Land Company, nor is there anything in the record, motions, or affidavits in this case indicating any fraudulent action or suspicion of fraud nor is there anything in any of the pleadings, affidavits, or in the answer sought to be filed by the said Cora B. Campbell. After the filing of the papers to which we have referred, the motion to vacate was submitted to the court, and thereafter, and on or about the thirtieth day of November, 1925, the court made and entered its order vacating the judgment referred to and permitting the said Cora B. Campbell, as the administratrix of the estate of Duncan Campbell, deceased, to appear and defend in said action.

Upon this appeal six grounds are urged as causes for reversal:

1st. That the evidence is insufficient to justify the conclusion that the judgment in the action of La Paloma Land Company against Shannon was entered through inadvertence or without the knowledge or consent of Cora B. Campbell;

2d. That the evidence is insufficient to justify the con-

clusion that Cora B. Campbell was the administratrix of the estate of said decedent;

3d. That the evidence is insufficient to show that Cora B. Campbell, as administratrix of the estate of Duncan Campbell, deceased, or otherwise, was directly or indirectly a party to said action or interested therein, or that she could make any motion with respect thereto under section 473 of the Code of Civil Procedure, or otherwise;

4th. That the evidence is insufficient to show that the above-entitled court had any jurisdiction to set aside the judgment in said action;

5th. That the evidence shows Carl W. Shannon was, at the time of the entry of the judgment in the above-entitled action, the duly appointed, qualified, and acting administrator of the estate of Duncan Campbell, deceased, and that Carl W. Shannon, as such administrator, was the proper party defendant;

6th. That the evidence shows the order setting aside the judgment in the above-entitled action to be a collateral attack upon the order of the court appointing Carl W. Shannon administrator of the estate of Duncan Campbell, deceased.

The law is well settled that there cannot be two valid administrations of the same estate at the same time, and that the administrator first in right, that is, first in time of petitioning for appointment, is the only person entitled to represent the estate. As said in 11 California Jurisprudence 271: ''Jurisdiction of proceedings for the settlement of an estate cannot exist in two superior courts at the same time. When, therefore, any court has acquired jurisdiction in such matters, that jurisdiction is exclusive, and no other court of coordinate jurisdiction can in any form review, reverse, nullify, restrain or in any way control any of the judgments, orders, proceedings or process of the court first acquiring jurisdiction. Accordingly, the appointment of one administrator is valid until it is set aside, and a subsequent appointment of another administrator of the same estate is void.''

The authorities in support of the text here quoted are practically uniform. The law is also well settled that the administrator first appointed may move the court in which the second appointment is made to vacate and annul

the second appointment, and may also maintain an action in equity for the same purpose. ██ The evidence in this case shows beyond controversy that Cora B. Campbell had no knowledge of the entry of judgment in the case of La Paloma Land Company against Shannon until on or about the tenth day of June, 1925. Likewise, there can be no question but that the evidence shows the appointment of Cora B. Campbell, as the administratrix of the estate of said deceased, as set forth in her affidavit. ██ If the evidence is sufficient to show that Cora B. Campbell was, during all the times mentioned, the administratrix of the estate of Duncan Campbell, deceased, then, as the administratrix of said estate, she is a party interested therein and entitled, as the administratrix of said estate, to move to vacate the judgment herein under the terms and provisions of section 473 of the Code of Civil Procedure. The evidence showing these facts likewise sufficiently establishes that Carl W. Shannon was not the duly appointed, qualified, and acting administrator of the estate of Duncan Campbell, deceased. The evidence does show that the papers filed herein constituted a collateral attack upon the order appointing Carl W. Shannon administrator of the estate of Duncan Campbell, deceased.

In making the foregoing statements, we are taking the record at its face value, and which, by reason of the failure of the appellant herein to make any objection thereto in the trial court, must be considered as truthfully stating everything contained therein, as there is practically no denial of any of the material matters tendered for consideration by the trial court. ██ While the evidence showing that Cora B. Campbell was the administratrix of the estate of Duncan Campbell, deceased, at all the times mentioned in these proceedings might have been objected to on the ground that such evidence constituted a collateral attack upon the judgment and a collateral attack upon the order appointing Carl W. Shannon administrator of the estate of Duncan Campbell, deceased, the record is entirely silent as to any objection having been made to the consideration of the records, which we have herein set forth, by the trial court. The evidence establishing all the facts necessary to show the invalidity of the appointment of Carl W. Shannon, and the fact that the court had no jurisdiction to make the

appointment, having been allowed to come into the record without any objection and also without any motion being made to strike the evidence from the record or to exclude the same from consideration by the trial court on the ground that it was a collateral attack, it is now too late to raise the question upon appeal. This has been definitely decided by the supreme court of this state. In *Hill* v. *City Cab etc. Co.,* 79 Cal. 188 [21 Pac. 728], the court, on page 191, considering the effect of testimony which constituted a collateral attack and which was admitted without objection, ruled as follows: "But this rule is not that a judgment which is void will be enforced as if it were valid, but that it cannot be shown to be void except in certain ways. If the party, however, should admit the facts which show the judgment to be void, or if he should allow them to be established without opposition, then, as a question of law upon such facts, we do not see why the case is not like that where a judgment is void upon its face. In the present case the findings establish the fact that there was no service of summons upon or authorized appearance by the defendant. And none of the evidence is brought up, nor does the question appear to have been raised by exception or demurrer, or in any other way. The facts, therefore, must be taken to be established by the record beyond all controversy."

Again, in the case of *People* v. *Harrison,* 107 Cal. 541 [40 Pac. 956], a similar question was presented to the court, and it was there held that although a judgment not void upon its face cannot be impeached by evidence showing a want of service of summons, if such evidence is objected to, yet where evidence is admitted to that effect without objection or the parties stipulate or admit that there was in effect no service of summons, it is the duty of the court to declare the judgment void as a matter of law upon the admitted facts.

In the recent case of *Akley* v. *Bassett,* 189 Cal. 625 [209 Pac. 576], the supreme court, having before it a similar question where no objection was made to the testimony showing the invalidity of a judgment for want of jurisdiction, held as follows: "We dismiss appellant's objection that the respondent may not attack a judgment regular on its face by citing the former decisions of this court to the effect

that the rule is not that a judgment which is void will be enforced as if it were valid, but that it cannot be shown to be void except in certain ways. But if the parties admit the facts which show that the judgment is void, or if they are established without opposition, then as a question of law upon such facts, we do not see why the case is not like that where the judgment is void upon its face.'' (We are quoting from page 639, where a number of authorities are cited.) See, also, *Lake* v. *Bonynge,* 161 Cal. 120 [118 Pac. 535].

In view of these cases, and in view of the fact that the testimony to which we have referred was all introduced without opposition and submitted to the trial court in the manner which we have stated, it is entirely unnecessary for us to review any of the cases cited relating to the subject of collateral attacks upon judgments. It therefore necessarily follows that the order appealed from should be affirmed, and it is so ordered. This renders it unnecessary to pass upon respondent's motion to dismiss the appeal.

Hughes, J., *pro tem.,* and Finch, P. J., concurred.