[L. A. No. 17983. In Bank. July 15, 1942.]

K. W. THOMPSON, Respondent, v. MARIE E. COOK et al., Appellants.

Hankins & Hankins and Olin F. Nuckolls for Appellants.

Geo. W. Zent for Respondent.

CURTIS, J.—On February 13, 1936, Leonard B. Colton recovered a money judgment against the defendants in the sum of $4,012.29 by default. Upon this judgment an execution was issued and certain real property situated in the county of Glenn was sold under said execution to the said Leonard B. Colton for the full amount of said judgment, and said judgment was duly satisfied of record. Thereafter Leonard B. Colton moved the superior court to set aside the satisfaction of said judgment and to revive said judgment on the ground that the real property purchased by him at said execution sale was not subject to execution and sale, and that

he recovered nothing in satisfaction of said judgment as a result of the sale of said real property under said execution. Said motion was granted on June 9, 1938. Thereafter and on March 17, 1941, defendants, after due notice to the plaintiff, moved the court to vacate and declare void said order of June 9, 1938. Said last named motion was made on the ground that said order of June 9, 1938, was made without notice to the said defendants, or either of them, and for that reason said order was void for "lack of notice and lack of jurisdiction of said defendants or either of them." This motion was denied by the trial court, and the present appeal is from this order of denial. At the date of the denial of said motion, the court made its order substituting as the plaintiff in said action K. W. Thompson in the place of the original plaintiff, Leonard B. Colton. Plaintiff as hereinafter mentioned refers either to the original or the substituted plaintiff.

The order granting plaintiff's motion to revive said judgment of date June 9, 1938, consists of a clerk's entry in the minutes of the court, which contains no recital of service of notice of the motion upon the defendants, and the record contains no proof of any service of any notice of said motion upon the defendants. The motion of defendants to vacate said order of June 9, 1938, reviving said judgment was supported by the affidavits of each of the defendants that no notice of the motion to revive said judgment was served on either of them. The plaintiff in resisting said motion made no denial of these allegations of defendants in their said affidavits. The only fact set forth in the plaintiff's opposition affidavit which might in any way be considered material at the hearing of said motion was that the plaintiff on October 15, 1938, over four months after the motion to revive the judgment had been made, had sent by registered mail to the defendants a notice that the court by its order dated June 9, 1938, had revived the original judgment in said action.

Respondent in his brief filed herein asserts that there are really two questions before the court on this appeal and they are stated as follows: (1) Under the facts of this case was the plaintiff required to give defendants notice of his motion to revive judgment after defendants had defaulted in the original action, never appearing therein in any way; and (2) If there was no service of process or of notice on defendants, were they entitled to have the said order of revival vacated *on motion* (respondent's emphasis) after nearly three years intervened between the time of making said order of

revival and the date of defendants' motion to vacate the same? The appellants contend that there is only one question presented here for determination: Did the court at the time it made its order for revival of the judgment without notice to the defendants have jurisdiction to make said order? In our opinion a consideration of the two questions which respondent claims are before the court on this appeal will entirely answer this question of the appellants, and we will therefore confine our opinion to the discussion of the two questions propounded by the respondent.

The motion to revive the judgment was made and granted by the court in pursuance of section 708 of the Code of Civil Procedure, which provides, among other matters, that "the court having jurisdiction thereof (the action in which the original judgment was rendered) must, after notice and on motion of such party in interest (the party recovering the judgment), or his attorney, revive the original judgment in the name of the petitioner." The position of the respondent is that while this section applies generally to ordinary judgments, this section is not controlling in a case wherein the original judgment is by default. He relies upon section 1014 of the Code of Civil Procedure, which provides that "where a defendant has not appeared, service of notice of papers need not be made upon him." The only authority cited by respondent in support of his position is the case of *Strong* v. *Shatto,* 201 Cal. 555 [258 Pac. 71]. In that action this court held that where a cross-complaint filed by one of the defendants sought only remedies related to the property of the plaintiff, and did not affect in any degree the rights and interests of the other defendants, the defendants who had defaulted in the action prior to the filing of the cross-complaint were not injuriously affected by it or the judgment in favor of the cross-complainant; and they were neither entitled to be served with such cross-complaint nor were they entitled to appeal from the judgment for the reason that they were not "aggrieved thereby." It cannot with any reason be contended that the appellants in this case were not aggrieved by the order reviving the judgment against them and vacating the satisfaction thereof. Before the order of revival there was nothing of record to show that they owed anything on the judgment; after its revival, if legally secured, the record in the case showed that they owed the entire amount of the judgment. The meaning of section 1014 of the Code of Civil Pro-

cedure as construed by the case of *Strong* v. *Shatto, supra,* appears to be that "notice of papers" need not be served on a defaulting party if his rights are not thereby affected.

It has been repeatedly held that a defaulting defendant is entitled to be served by an amended complaint when the amendment is as to a matter of substance and not a mere matter of form. (*Lubarsky* v. *Richardson,* 218 Cal. 27, 31 [21 P. (2d) 557]; 14 Cal. Jur. 889.) In *Cole* v. *Roebling Construction Co.,* 156 Cal. 443 [105 Pac. 255], a clear statement of the rule is found at p. 446: "As we have seen, an amended complaint was filed *subsequent* to the entry of the default which was never served upon appellant. It is earnestly urged that the effect of this was to open the default and make the judgment entered irregular, one inadvertently rendered, and one given without jurisdiction. It is settled by a long line of decisions that where, after the default of a defendant has been entered, a complaint is amended in matter of substance as distinguished from mere matter of form, the amendment opens the default, and unless the amended pleading be served on the defaulting defendant, no judgment can properly be entered on the default. (See *Thompson* v. *Johnson,* 60 Cal. 292; *Rheinhart* v. *Lugo,* 86 Cal. 399 [21 Am. St. Rep. 52, 24 Pac. 1089]; *Witter* v. *Bachman,* 117 Cal. 319 [49 Pac. 202]; *Woodward* v. *Brown,* 119 Cal. 304 [63 Am. St. Rep. 108, 51 Pac. 2, 542]; *Linott* v. *Rowland,* 119 Cal. 452, 453 [51 Pac. 687]; *Riverside Co.* v. *Stockman,* 124 Cal. 224 [56 Pac. 1027]; *Tappendorff* v. *Moranda,* 134 Cal. 421 [66 Pac. 491].) The reason for this rule is plain. A defendant is entitled to opportunity to be heard upon the allegations of the complaint on which judgment is sought against him."

If a defaulting party is entitled to service upon him of all amended pleadings which affect his rights, and no judgment rendered without such service "can properly be entered on the default," we think upon the same principle that after a default judgment has been entered against a defendant and satisfied by a levy of execution upon property belonging to him or in which he has an interest, said satisfaction of the judgment may not be vacated and the judgment revived without giving him notice of the proceeding to restore said judgment.

In the recent case of *McDonald* v. *Severy,* 6 Cal. (2d) 629 [59 P. (2d) 98], this court had before it the question as to the proper construction to be given the words "service of notice of papers," as used in section 1014 of the Code of Civil

Procedure. It was there said at page 631: "Moreover, section 473 of the Code of Civil Procedure, providing for vacating judgments, expressly requires notice to the adverse party. It is true that section 1014 of the Code of Civil Procedure dispenses with the requirements of 'service of notice of papers' where a defendant has not appeared. But a motion to set aside a dismissal with prejudice cannot be considered a 'paper' within the meaning of that section." In like manner it cannot be said that a notice of motion to revive a judgment satisfied of record is a "paper" within the meaning of said section 1014 of the Code of Civil Procedure. As the motion to revive the judgment was made without notice to the defendants, the court was without jurisdiction to act thereon and the order granting said motion was void. (*McDonald* v. *Severy, supra; Hitchcock* v. *Caruthers,* 100 Cal. 100, 104 [34 Pac. 627]; *Kittridge* v. *Stevens,* 16 Cal. 381, 382; *Gill* v. *Peppin,* 41 Cal. App. 487, 491 [182 Pac. 815]; 14 Cal. Jur. 938.)

We now approach the second question propounded by the respondent, that is, whether a motion to set aside said void order will lie after the lapse of over two years from the date it was granted. For the purpose of this discussion we will assume that the order reviving the judgment was valid on its face.

It is well settled in this state that a court has no power to set aside on motion a judgment or order not void on its face unless the motion is made within a reasonable time, and it has been definitely determined that such time will not extend beyond the limited time fixed by section 473 of the Code of Civil Procedure as at present in force. (*Smith* v. *Jones,* 174 Cal. 513, 516 [163 Pac. 890]; *People* v. *Temple,* 103 Cal. 447, 453 [37 Pac. 414]; *Richert* v. *Benson Lumber Co.,* 139 Cal. App. 671, 675 [34 P. (2d) 840]; *Vaughn* v. *Pine Creek Tungsten Co.,* 89 Cal. App. 759, 761 [265 Pac. 491].) However, to the rule just stated there is a well established exception which provides that although the judgment or order is valid on its face, if the party in favor of whom the judgment or order runs admits facts showing its invalidity, or, without objection on his part, evidence is admitted which clearly shows the existence of such facts, then it is the duty of the court to declare the judgment or order void. While the question before the court in the case of *Hill* v. *City Cab etc. Co.,* 79 Cal. 188 [21 Pac. 728], was not in all respects like that which we are called upon to answer, yet the principle of

law announced therein is equally applicable to the question before us. The court had under discussion the rule that a defendant cannot collaterally assail a judgment unless it be void on its face. While adhering to that rule, the court applied the exception just referred to and held at p. 191: "But this rule is not that a judgment which is void will be enforced as if it were valid, but that it cannot be shown to be void except in certain ways. If the party, however, should admit the facts which show the judgment to be void, or if he should allow them to be established without opposition, then, as a question of law upon such facts, we do not see why the case is not like that where a judgment is void upon its face. In the present case, the findings establish the fact that there was no service of summons upon or authorized appearance by the defendant. And none of the evidence is brought up, nor does the question appear to have been raised by exception or demurrer, or in any other way. The facts, therefore, must be taken to be established by the record beyond all controversy. And upon such facts the law is, that the judgment is void. (*Baker* v. [*O'*]*Riordan*, 65 Cal. [368] 371, 372 [4 Pac. 232]; *Merced Co.* v. *Hicks*, 67 Cal. [108] 109 [7 Pac. 179].) The judgment sued on, being shown to be absolutely void, cannot be held to be valid, or to be a cause of action."

This language from the case of *Hill* v. *City Cab etc. Co.*, *supra*, was quoted with approval by this court in the case of *People* v. *Harrison*, 107 Cal. 541, 546 [40 Pac. 956], which held that although a judgment not void on its face cannot be impeached by evidence showing a want of service of summons if such evidence is objected to, yet where the evidence is admitted to that effect without objection, or the parties stipulate or admit that there was in fact no service of summons, it is the duty of the court to declare the judgment void as a matter of law upon the admitted facts. The same principle of law was referred to in the case of *Lake* v. *Bonynge*, 161 Cal. 120 [118 Pac. 535], where the court stated at page 133: "We may assume, purely for the purposes of this decision, that, while a party relying on a judgment which is valid on its face may successfully resist any attack upon it which is collateral and not direct, still where the attack might be resisted as collateral, if he admits facts which show that a service of summons, constructive or personal, was not made on the defendant to the judgment and allows evidence to be introduced without objection showing this fact, as it is then established that the judgment is void, it is the duty of the court

to so declare. (*Hill* v. *City Cab etc. Co.*, 79 Cal. 188 [21 Pac. 728]; *People* v. *Harrison*, 107 Cal. 541 [40 Pac. 956].)''

In *Akley* v. *Bassett*, 189 Cal. 625, 639 [209 Pac. 576], the three cases cited above were approved in language practically the same as that used in *Lake* v. *Bonynge, supra.* (See, also, *La Paloma Land Co.* v. *Shannon*, 89 Cal. App. 469, 476 [265 Pac. 295], and *Estate of Ivory*, 37 Cal. App. (2d) 22, 29-31 [98 P. (2d) 761].) In this last cited case we find this apt language at page 29: ''In the present case, when the order of May 8, 1936, was entered it showed on its face that the probate court had jurisdiction. Subsequently, by stipulation, the parties agreed that the recitals in the order were false and had been secured by the extrinsic fraud of appellant. The legal effect of such stipulation was to add to the judgment roll of that order the true facts. As so corrected, the legal situation is the same as if the order of May 8, 1936, when entered disclosed that there was a known heir whose address was known, and that such heir had not been notified. By reason of the stipulation, the order of May 8, 1936, must be read as if it named the wife and mother as known heirs, and as if it recited that the mother had intentionally not been notified. If the order had so recited it would clearly be void on its face, and the probate court at any time, at least up to the time of the closing of the estate, would have power to set it aside.''

Applying to the facts in this case the rule announced and confirmed in the decisions just cited, we are of the opinion that although the order reviving the judgment was not void upon its face; nevertheless upon the showing made at the hearing of the motion to set aside said order, the court erred in refusing to grant said motion, notwithstanding the lapse of time intervening between the date of the order reviving said judgment and the motion of defendants to set aside and vacate said order. The facts supporting this conclusion beside those set forth above will be briefly stated. The order reviving said judgment, as stated before, was contained in a minute entry in the clerk's record and is as follows: ''Motion of plaintiff to revive Judgment against Defendants, Marie E. and Charles R. Cook, comes on for hearing, H. L. Duckett, Jr., appearing as attorney for plaintiff; said motion is granted.'' Defendants, as recited above, moved to set aside said order on the ground that neither of the defendants was served with notice of said motion to revive said judgment and

that neither of them ever appeared in said action, and for these reasons the court was without jurisdiction to grant said motion. In support of this motion each of the defendants filed an affidavit in which each stated that affiant was never served with notice of said motion to revive said judgment and did not appear at the hearing of said motion either personally or by attorney "or otherwise."

While the plaintiff in defense of said motion to vacate said order to revive said judgment opposed said motion and filed an affidavit in opposition to the motion, in which he alleged that some months after the granting of said motion he served by mail a notice to the defendants that the court had granted his motion to revive the judgment, he did not deny the averments of defendants in their affidavits that no notice of the motion to revive the judgment was ever given to defendants, or either of them, or that neither of said defendants appeared in court when said order of revival was made. At the hearing of said motion to vacate the order reviving the judgment, it is stated by appellants in their briefs, and not denied by respondent, that plaintiff made no objection to the affidavits of the defendants that no notice was given therein of the motion to revive said judgment; neither was any denial made of said allegations nor was any claim made that either of said defendants appeared at the hearing of said motion to revive said judgment. On the other hand, the plaintiff as a defense to defendants' motion claimed that under section 1014 of the Code of Civil Procedure defendants, having made default in said action, were not entitled to any notice of said motion to revive said judgment or of any other proceeding in said action taken subsequent to the entry of default against them.

This statement of facts, which is uncontroverted, brings this case squarely within the rule announced in the authorities hereinbefore cited, that when on a motion of the character of defendants' motion to vacate the order reviving the judgment, an affidavit is filed showing that no service at all was made on a moving defendant and no evidence is produced controverting this showing, and no objection or exception is taken to the introduction of such testimony, the fact is then established that the judgment is just as void as if its invalidity appeared on the face of the judgment. This precise situation was under discussion in the case of *Smith* v. *Jones, supra,* where the court at page 517 of its decision made

the following statement: "It is contended, however, by respondent that if by analogy the limitation of time specified in said section 473 be applied, yet the order made here may be sustained on another principle of law which he invokes. This is that when on a motion of this character an affidavit is filed showing that no service at all was made on a moving defendant, and no evidence is produced countervailing this showing, and no objection or exception is taken to the introduction of such testimony, the fact is then established without controversy and a simple question of law is thus presented, and such condition of undisputed facts establishes a judgment just as void as if its invalidity appears on the face of the judgment, and like such a judgment may be set aside at any time when the uncontroverted fact of the failure to serve process shows that the court was without jurisdiction to pronounce the judgment, citing *Hill* v. *City Cab etc. Co.,* 79 Cal. 188 [21 Pac. 728] ; *People* v. *Harrison,* 107 Cal. 541 [40 Pac. 956]." In that action, however, the court refused to follow the rule just stated for the reason that the facts before it did not bring that case within the requirements of said rule, as appears from the following excerpt from said decision immediately following the portion thereof quoted above: "But our examination of those cases shows a different condition from that presented here. Here the claim of respondent that no personal service was made on him does not stand uncontroverted. It appears from the judgment-roll by the affidavit of King that defendant was personally served with process in the action and the judgment so recites. It thus affirmatively appears from the judgment that the defendant was served. This fact he denies by his affidavit filed on the motion. But, certainly, there is thus presented a controverted fact of service and not an uncontradicted proof of nonservice as claimed by respondent. Nor, is there anything to show that the hearing was without objection or exception on the part of plaintiff."

This last mentioned case makes a clear distinction between a factual situation wherein the rule announced in the authorities herein cited applies and a situation wherein the rule does not apply. As stated above, our conclusion is that the facts of this case clearly bring it within the terms of said rule.

Some suggestion is made in the briefs of counsel as to whether the plaintiff in his motion to revive the judgment in

this action has brought himself within the terms of section 708 of the Code of Civil Procedure, entitling him to the relief therein provided. This question is not before us in the present instance and cannot properly be determined until the defendants have had an opportunity to put in such defense as they may have to the motion of plaintiff to have said judgment revived.

It follows that the order denying the motion of the defendants to vacate the order of June 9, 1938, was erroneous and should be reversed, and it is so ordered.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.