GERTRUDE L. McLEAN, PLAINTIFF, v.
JOSEPH GRABOWSKI, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided February 8, 1968.

*Mrs. Gertrude L. McLean* plaintiff, appeared *pro se.*

*Mr. Ralph Yacavino* for defendant (*Mr. Frank A. Palmieri*, attorney).

*Mr. James G. Gardner* for the State of New Jersey (*Mr. Charles B. Collins*, attorney).

CONSODINE, J. C. C. (temporarily assigned). Plaintiff sued for custody and support of the minor children of her marriage with defendant, which, it was alleged, had been dissolved in the State of Alabama. Defendant answered and, challenging the validity of the Alabama judgment of divorce, counterclaimed for divorce. A certified copy of the Alabama proceedings was filed. The admitted facts demonstrated that plaintiff never was a domiciliary there and in fact had only been present in that State for parts of two successive days.

Plaintiff then informed the court that she had settled her present differences with defendant. Defendant joined her in a request that the matter be dismissed. The court refused and appointed Charles B. Collins, Esq., of our bar, to represent the interests of the State for the reasons expressed in *McLean v. Grabowski*, 92 *N. J. Super.* 545 (*Ch. Div.* 1966).

The State intervened and filed a complaint against both parties demanding among other things, that the Alabama divorce be declared null and void. Defendant, with leave of court, filed a third-party complaint against plaintiff's second husband, asking the court to set aside the marriage between plaintiff and Edward McLean because of the prior subsisting marriage between plaintiff and defendant.

At trial the parties requested the court to set aside plaintiff's Alabama divorce and void her marriage to Edward McLean. McLean did not appear and was in default for failure to answer. The facts are not in conflict.

The full faith and credit clause of the United States Constitution (*U. S. Const. Art.* IV § 1) requires that judgments within the jurisdiction of the rendering state be given the same faith and credit in sister states as they have in the state of the original forum. *Schlemm v. Schlemm*, 31

N. J. 557, 566 (1960), quoting from *Johnson v. Muelberger*, 340 *U. S.* 581, 584, 71 *S. Ct.* 474, 476, 95 *L. Ed.* 552, 556 (1961).

This court must therefore look to Alabama case law to ascertain what action would be taken by an Alabama court if the parties were before it.

The Alabama Supreme Court has ruled in a situation surprisingly parallel to this one in *Hartigan v. Hartigan*, 272 *Ala.* 67, 128 *So.* 2d 725 (1961). In that case, on a hearing for modification of an alimony decree, it became apparent to the trial judge that neither plaintiff nor defendant was ever a bona fide resident of Alabama. The trial judge then elicited without objection the fact that Mrs. Hartigan had only been in Alabama a few hours to sign the complaint, the property settlement agreement and her deposition at the office of an attorney selected and paid for by her husband.

On the following day the trial judge on his own motion set aside the divorce decree because of the fraud on the court. The court found that divorce suits are tripartite in nature, that the public occupies the position of a trustee, and that the court is bound to act for the public. The court, citing *Thompson v. Cook*, 20 *Cal.* 2d 564, 127 *P.* 2d 909 *(Sup. Ct. 1942)*, and *Freeman on Judgments* *(5th ed.* 1925), § 375 *(a)*, stated that if the parties stipulate, or fail to object to the evidence of the facts showing lack of jurisdiction, it is then established that the judgment is void as effectively as though shown by the record, and whenever such fact is brought to the attention of the court, it is the duty of the court to so declare as a matter of law. The court further found that not only was it conclusive that the divorce decree was void for want of jurisdiction but also that the decree was not entitled to full faith and credit in other jurisdictions. The theories of estoppel or laches were held not to be a bar to the action of court setting aside the divorce.

 In the present matter both parties, prior to the intervention of the State, voluntarily presented clear and con-

vincing evidence that plaintiff was not a domiciliary of Alabama when that state granted her a divorce and, therefore, that the parties perpetrated a fraud on the courts of New Jersey and Alabama. New Jersey recognizes that it is a party to every divorce action and must act to protect the matrimonial relationship in the public interest. *Loeb v. Loeb,* 89 *N. J. Super.* 568 (*Ch. Div.* 1965), reversed 91 *N. J. Super.* 333 (*App. Div.* 1966), affirmed 50 *N. J.* 343 (1967). See also *McLean v. Grabowski, supra.*

In the affidavits filed by plaintiff in support of her request for custody she unequivocally stated that her domicile was in New Jersey at the time (and during the days) of the Alabama divorce action. The affidavits of defendant also reveal that plaintiff never was a domiciliary of Alabama.

The theory of full faith and credit not being a bar to this court setting aside the fraudulent Alabama divorce, the court must consider whether equitable considerations will compel it to leave the parties where it found them. *Schlemm v. Schlemm, supra.*

The application of these equitable considerations is set out in *Warrender v. Warrender,* 79 *N. J. Super.* 114, 121 (*App. Div.* 1963), affirmed 42 *N. J.* 287 (1964):

"It is now settled that in deciding whether estoppel or unclean hands will apply in a particular set of facts the court will appraise the 'total situation' and will weigh the equities of the parties and others affected, as well as the interests of the State, with flexibility."

These equitable considerations do not bar the court from acting on its own motion to protect the marriage status of New Jersey domiciliaries.

Plaintiff has now left Edward McLean and is again living with defendant and their three children. No child was born of the relationship between McLean and plaintiff. Both plaintiff and defendant manifested gross ignorance as to the proper procedure of obtaining a valid divorce. For these reasons the court considers it in the best interests of the parties, their children, Edward McLean, and the State, to

unravel the nigh hopeless snarl that the fraud, deception and ignorance of plaintiff and defendant have made of this phase of their lives.

Judgment that the divorce of Gertrude L. Grabowski and Joseph Grabowski in the State of Alabama is hereby declared null and void and of no effect in the State of New Jersey, and further, that Gertrude L. Grabowski and Joseph Grabowski are adjudged to be married to each other in a presently subsisting matrimonial relationship. The marriage between Edward McLean and Gertrude L. Grabowski is hereby annulled.