[S. F. No. 5940. In Bank.—July 17, 1911.]

ROBERT B. BENDER, Petitioner, v. GEORGE H. HUTTON, Judge of the Superior Court in and for the County of Los Angeles, Respondent.

MANDAMUS—MAKING OF DISCRETIONARY ORDERS—SATISFACTORY EVIDENCE.—The supreme court will not, by a proceeding in *mandamus,* compel the superior court or a judge thereof to make orders in matters confided to their discretion, on which they are to act upon evidence satisfactory to them, where the evidence to essential facts, though formally sufficient, is not satisfactory to them, except in cases where there has been a manifest abuse of their discretion.

ID.—PUBLICATION OF SUMMONS—AFFIDAVIT SHOWING RESIDENCE OF DEFENDANT.—Where the sole affidavit presented for an order for the publication of summons against an alleged non-resident defendant was that of the plaintiff, who merely deposed "that the last known address of said defendant was and is" a specified place, "and this defendant now resides at" said place, it was not an abuse of discretion for the trial judge to refuse to make such order, on account of the insufficiency of the affidavit to satisfy him that the residence of defendant was at the place designated, and a writ of mandate will not lie to compel him to make the order.

ID.—GROUNDS OF AFFIANT'S BELIEF.—Under such circumstances, the judge was justified in requiring a statement of the grounds of the affiant's belief in order to determine whether they are sufficient to satisfy the mind and conscience of a reasonable man that the fact is as alleged.

APPLICATION for a Writ of Mandate directed to the presiding judge of the Superior Court in and for the County of Los Angeles.

The facts are stated in the opinion of the court.

E. M. Barnes, for Petitioner.

BEATTY, C. J.—This is a petition for a writ of mandate requiring a judge of the superior court to make an order for the publication of the summons in an action for divorce. The application for the order was based upon the ground that the defendant resided out of the state (Code Civ. Proc., sec. 412) and it was supported by the affidavit of the plaintiff alone, who merely deposed "That the last known address of said defendant was and is Clovis, New Mexico, and this defendant now resides at Clovis, New Mexico."

The judge refused to make the order, and it is said that his only ground for such refusal was—as stated by him—that the affidavit was insufficient to satisfy him that the residence of defendant was at Clovis, New Mexico, and this because it failed to state the grounds upon which the affiant relied for his belief that her residence was at that place.

The petitioner cites in support of his petition certain cases in which this court has refused to set aside default judgments based upon summons by publication, in which it was contended that the orders for publication were made upon too slight evidence of the essential facts. It is true that this court has been extremely liberal in sustaining such judgments, but the principle of those decisions—as of many others involving similar considerations—is that in matters confided to the discretion of the trial courts or judges—where in other words, they are to act upon evidence satisfactory to them—their orders will not be invalidated when found to be supported by substantial evidence as to the essential facts. Upon the same principle, and *a fortiori*, we cannot compel those courts or judges to make orders in such matters where the evidence of essential facts—though formally sufficient—is not satisfactory to them, except in cases where there has been a manifest abuse of their discretion. There is a wide distinction between the affirmance of an order based upon slight evidence which has satisfied a judge and a peremptory mandate compelling him to make the same order upon similar evidence which has not satisfied him, and in the latter case especially it cannot be deemed an abuse of discretion to demand other and corroborative evidence which the party claiming relief may easily produce. When the plaintiff in an action pending in Los Angeles makes an affidavit that the defendant is now a resident of Clovis, New Mexico, the judge who

is asked to make an order for the publication of summons for that reason may justly assume that the averment is based upon information derived from third parties, or upon the recollection of the affiant as to the former residence of the defendant at a time more or less recent, or upon the receipt of letters, or upon other circumstances from which the fact of present abode may be reasonably inferred. He is entirely justified, therefore, in requiring a statement of the grounds of the affiant's belief in order to determine whether they are sufficient to satisfy the mind and conscience of a reasonable man that the fact is as alleged. This involves no hardship to the plaintiff, for in making his showing he is not limited to his own affidavit, and if he or his witnesses have good grounds for their belief it will always be easy to state them, and if they have not he has no right to the order. The practice, therefore, of requiring reasonably strict proof of the place of residence of the defendant when publication of summons is sought upon the ground that he resides out of the state so far from deserving reproof is much to be commended. It is certain that a more general observance of it would have spared the courts of this state much trouble and some painful doubts as to the validity of default judgments by which important rights have been foreclosed without a hearing of the parties interested.

The writ of mandate is denied.

Angellotti, J.; Shaw, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.