[Civ. No. 24584.   Second Dist., Div. Three.   Dec. 8, 1960.]

## GUY N. STAFFORD, Appellant, v. JOHN H. WARE et al., Respondents.

Guy N. Stafford, in pro. per., for Appellant.

Walter W. Heil and James W. Edson for Respondents.

BISHOP, J. pro tem.*—We have just filed an opinion supporting an affirmance of a summary judgment in this case. (*Ante,* p. 227 [9 Cal.Rptr. 706].)   The plaintiff took a second appeal, this time from an order denying his motion to vacate and set aside the "order or judgment" which we have just affirmed.   The only debatable question presented is: Should we dismiss the appeal or affirm the order?

Taking judicial notice of the steps taken in this case, we find that the answer to plaintiff's complaint was filed as of August 15, 1957, after defendants' default was set aside.   The following year the defendants gave notice of "...otion for summary judgment," seeking specifically an order "striking the complaint of the plaintiff and/or for entry of judgment in

---

*Assigned by Chairman of Judicial Council.

favor of the defendants and against the plaintiff . . . ." The time set for the hearing of the motion was October 21, 1958, over a year after the filing of defendants' answer. The settled statement on appeal, in the companion case, reveals that the trial court declared "that it appeared the said motion for summary judgment should be treated as a motion to dismiss under the provisions of section 435 of the Code of Civil Procedure, and the case of *Lincoln* v. *Didak*, 162 Cal.App.2d 625 [328 P.2d 498] and the said motion would be granted." The minutes of October 21st, reflect the same determination.

The judgment thereafter entered, however, in September, 1959, recites that the matter came on for hearing ". . . pursuant to notice of motion by the defendants to strike out the complaint . . . and for summary judgment . . ."; ordered that the motion be granted, that the complaint be stricken and judgment entered for the defendants. A motion under section 435 is authorized "within the time required in the summons to answer." It was so made in *Lincoln* v. *Didak*, 162 Cal. App.2d 625 [328 P.2d 498], to which the court referred. In the premises, we regard the motion as that authorized by section 437c, not that not authorized by section 435, and that this was the motion granted.

██   Plaintiff's objection, then, that the motion, and the court's ruling, caught him by surprise, was not a sufficient basis for vacating it. Because plaintiff's theory, which the trial court properly regarded as unsound, was in part not before the trial court except on the motion to vacate, we are treating the order as an appealable order.

The order appealed from is, therefore, affirmed.

Vallée, Acting P. J., and Ford, J., concurred.

A petition for a rehearing was denied December 30, 1960, and appellant's petition for a hearing by the Supreme Court was denied January 31, 1961.