[Civ. No. 26042. Second Dist., Div. One. July 30, 1962.]

JOHN H. WARE et al., Plaintiffs and Respondents, v. GUY N. STAFFORD, Defendant and Appellant.

Guy N. Stafford, in pro. per., for Defendant and Appellant.

Riedman & Dalessi and James W. Edson for Plaintiffs and Respondents.

LILLIE, J.—On April 4, 1955, plaintiffs Ware filed the within action against defendant Stafford to cancel an oil lease dated April 15, 1948, and to quiet title in the real property involved. The lease, among other covenants, provided: "If no production is obtained from said well within a period of six months from the effective date of the permits hereinbefore set forth, then this indenture shall terminate." Plaintiffs claimed that defendant wholly failed to perform and to exercise reasonable diligence to place the well on production; and that under the terms of the lease and notices served on him all of his rights in the lease terminated. His defense was that in May 1956, plaintiffs orally agreed that the lease was then in good standing and that he would have six months after execution of a writing embodying the oral agreement in which to place the oil well on production; that plaintiffs thereafter refused to reduce the oral agreement to writing. After a court trial and on May 14, 1956, judgment was entered for plaintiffs decreeing that the lease and all rights claimed thereunder by defendant are cancelled and terminated, and quieting title to them in the land. Defendant appealed therefrom. On March 1, 1957, the judgment was affirmed. (*Ware* v. *Stafford*, 148 Cal.App.2d 840 [302 P.2d 950].) Thereafter defendant refused to leave the premises, and on September 23, 1957, plaintiffs obtained a writ of possession.

Meanwhile, on June 24, 1957, defendant filed an action on the same oil lease against plaintiffs (*Stafford* v. *Ware, et al.,* No. 681835), alleging that within and after the six months' period referred to in the lease plaintiffs Ware encouraged him to keep trying to place the well on production, and that he attempted to do so at considerable expense; and seeking judgment declaring he still had the right to attempt to put the well on production, enjoining plaintiffs from interfering with him, and awarding $65,000 for amounts expended by him to carry out his covenants under the lease. Plaintiffs Ware (defendants therein) moved for summary judgment; the motion was granted and judgment was entered. Thereafter, defendant Stafford (plaintiff therein) moved to vacate and set aside the summary judgment; the motion was denied, whereupon, he filed two separate appeals—from the judgment, and from the order denying the motion. On December 8, 1960, this court affirmed the judgment (*Stafford* v. *Ware,* 187 Cal.App.2d 238 [9 Cal.Rptr. 713]), holding that the instant case (*Ware* v. *Stafford,* No. 642359; 148 Cal.App.2d 840 [307 P.2d 950]) had previously decided the identical issues by final judgment on the merits furnishing a proper defense of res judicata. On the same day the order denying the motion to vacate and set aside the summary judgment was affirmed. (*Stafford* v. *Ware,* 187 Cal.App.2d 238 [9 Cal.Rptr. 713].)

On June 26, 1961, more than four years after judgment in the within action was affirmed by this court (*Ware* v. *Stafford,* 148 Cal.App.2d 840 [307 P.2d 950]), defendant Stafford moved the lower court to vacate the same, quash summons and dismiss the action. He appeals from the order denying the motion.

Appellant contends that the judgment, entered in 1955 and affirmed in 1956, was void in that, 1) the action was commenced in plaintiffs' name by a third party and the attorney he retained without authority from plaintiffs, which constituted a fraud upon the court, 2) the complaint failed to set forth the performance of a condition precedent to a termination of the lease within six months; and 3) in rendering judgment, the trial court "determined upon untried issues" (A.O.B., p. 14), and "based the same without evidentiary support." (A.O.B., p. 15.) Inasmuch as all but the first issue have been raised on a trial on the merits of the within cause and decided by final judgment (1956) and on the appeal therefrom (1957), we deem appellant's main point to

be that the judgment is void because the action was commenced in plaintiffs' names without their authority by one S. W. Ware, who was not, but purported to act as, their agent and a lawyer he retained, which deprived the lower court of jurisdiction to hear the cause.

Conceding the judgment not to be void on its face, appellant argues that by failing to file an affidavit counter to that filed by him on his motion to vacate, and by permitting without objection the lower court's consideration of his affidavit, plaintiffs admitted the facts contained therein which prove the invalidity of the judgment, bringing the instant case within the exception to the general rule set forth in *Thompson* v. *Cook*, 20 Cal.2d 564 [127 P.2d 909]. He contends that uncontroverted, his affidavit established conclusively that S. W. Ware retained counsel who filed the within complaint in the names of John H. and Harriet L. Ware without their authority, thus the lower court was without jurisdiction to hear the trial in 1956, and judgment entered thereon was void. There is no merit to this contention, for even if defendant's affidavit were deemed to be true it constitutes no proof that S. W. Ware retained the attorney who filed the complaint or that they commenced the within action without authority of plaintiffs, or that S. W. Ware was not authorized by them to sign the verification; and fails to show any fact which would render the judgment void. Moreover, it is obvious from the lower court's ruling that it refused to give compelling weight to the affidavit—as being legally insufficient, or as failing to establish the credibility of the allegations contained therein, or, assuming their truth, as being insufficient to make the judgment invalid. In any event, the judgment not being void on its face, the matter not falling within the exception of the *Thompson* case, 20 Cal.2d 564 [127 P.2d 909], and four years having elapsed since affirmance of the judgment, the lower court properly refused to vacate the same.

Appellant says that the verification to the complaint was made by S. W. Ware (not a party) who stated therein he was plaintiffs' agent, but in fact was not, and that Ware retained counsel to, and who did, commence the action and file the complaint without their authorization, and that the uncontroverted affidavit conclusively proves this. On its face the verification is proper in form and substance and complies with section 446, Code of Civil Procedure; among other things it alleges the reason why it was not made by the parties—that

they are out of the County of Los Angeles. Section 446 provides that a verification may be made by the attorney or "any other person except one of the parties," if "the parties are absent from the county where the attorney has his office." The complaint on its face not only establishes that R. R. Colby was "Attorney for Plaintiffs" and prepared and filed the complaint for them, but that the office of R. R. Colby was then located at "501 Pioneer Bldg., 201 So. Hill Street, Los Angeles (13) Calif." The verification thereon, executed by S. W. Ware, alleges that he is the agent of plaintiffs and makes the verification on behalf of plaintiffs, who are out of the County of Los Angeles; that he has read the complaint and knows its contents; and that the same is true of his own knowledge except as to the matters which are therein stated on information or belief and as to those matters he believes it to be true. R. R. Colby not only filed the complaint for plaintiffs, but at all times thereafter continued to represent them—throughout the trial, on defendant's motion for new trial, and on appeal. There is in the record before us absolutely no showing that plaintiffs themselves did not retain Mr. Colby to represent them in this action, or that plaintiffs did not authorize Mr. Colby to commence the suit and prepare and file the complaint, or that S. W. Ware had anything to do with retaining Mr. Colby or the filing of the complaint; on the contrary the only reasonable inference is that John H. and Harriet L. Ware hired Mr. Colby to represent them and he did so throughout the entire case, that they authorized him to sue Stafford and prepare and file the complaint, which he did, and that they, being out of the County of Los Angeles where Colby had his office, had S. W. Ware verify the complaint on their behalf, and that this was the only connection S. W. Ware had with counsel, the complaint or suit herein. We know of no requirement under section 446, or elsewhere in the law, that one be the agent of the party for whom he verifies a pleading. And there is nothing on the face of the verification or any place else in the record to show that S. W. Ware was not authorized by plaintiffs to verify the complaint on their behalf. Thus, the verification, appearing to be made by one authorized by law to make it, and complying in form and substance with section 446, Code of Civil Procedure, must be regarded as sufficient. (*French* v. *Smith Booth Usher Co.*, 56 Cal.App.2d 23, 29 [131 P.2d 863].)

Nor does defendant's affidavit, if deemed to be true, contain sufficient facts to establish that S. W. Ware did not verify

the complaint "on behalf of plaintiffs," or that the verification was in any manner improper, or that the same rendered the judgment void. The affidavit in pertinent part is brief and alleges: ". . . that said complaint and an amendment thereof, was verified by one S. W. Ware, who purported to act as the agent of the named plaintiff; . . . . That in late 1959 . . . affiant took the deposition of Mr. John H. Ware (plaintiff herein) . . . that in giving this deposition at said time Mr. Ware stated three times that S. W. Ware never was his agent. . . ." Appellant does not contend that at the time of the verification plaintiffs were not absent from the county in which the attorney had his office or that the verification is as to form or substance defective; he claims only that S. W. Ware was never the agent of John W. Ware. For all the record shows, he may have been the agent of Harriet L. Ware, the other plaintiff. In any event, we know of no requirement that the "any other person" permitted by section 446 to verify a pleading on behalf of the parties must be their agent; thus, that S. W. Ware was or was not in fact the agent of plaintiffs is immaterial; and there is no showing in the affidavit or elsewhere in the record that S. W. Ware was not requested or authorized by plaintiffs to verify the complaint on their behalf.

Even assuming that the law required S. W. Ware to be the agent of plaintiffs before he could execute the verification on their behalf, and that defendant's affidavit properly established that in truth he was not their agent thereby rendering the verification fatally defective, at most the latter is treated as a failure to verify for which, upon proper motion, the complaint may be stricken. (*Silcox* v. *Lang,* 78 Cal. 118 [20 P. 297].) We know of no authority for the position that a defective verification deprives the lower court of jurisdiction to hear the matter on the merits rendering a judgment based thereon void; nor has appellant called our attention to any. All indications in the law point to the contrary—a defective verification may be waived by proceeding to trial without proper objection (*Hill* v. *Nerle,* 29 Cal.App. 473 [156 P. 981]; *McCullough* v. *Clark,* 41 Cal. 298), and the defect may be cured by amendment even though the statute of limitations has run on the time to file the original complaint. (*Board of Education* v. *Mulcahy,* 50 Cal.App.2d 418 [123 P.2d 114]; *Jenssen* v. *R.K.O. Studios, Inc.,* 20 Cal.App.2d 705 [67 P.2d 757].)

Of equal importance is the failure of defendant's affidavit

to set forth evidentiary facts. That it is insufficient and thus not a proper affidavit is borne out by the conclusions and ultimate facts recited therein. (*Ricketson* v. *Richardson*, 26 Cal. 149; *Forbes* v. *Hyde,* 31 Cal. 342; *People* v. *Findley,* 132 Cal. 301 [64 P. 472].)　　To comply with requirements that they be clear and certain, allegations in an affidavit must show facts and circumstances from which the ultimate fact sought to be proved may be deduced by the court. Not only are no facts relative to agency, authority, and S. W. Ware's connection with hiring Mr. Colby and commencing the action alleged, but the affidavit contains nothing to show what John H. Ware three times actually said at the time of his deposition from which the lower court could ascertain, 1) if in fact he did state "that S. W. Ware never was his agent" and 2) that S. W. Ware was in fact never the agent of John H. Ware. Moreover, had the lower court deemed the affidavit to be sufficient, it was not required to accept its averments as conclusive even though not controverted by counter affidavit or objected to by plaintiffs.　　It is the rule that positive statements in an affidavit are competent evidence which the trier of fact has power to consider, weigh and accept as proof of the facts alleged (*In re La Due,* 161 Cal. 632 [120 P. 13]), but as a trial judge is not required to accept as true sworn testimony of a witness even in the absence of evidence directly contradicting it, neither need he accept the allegations of an affidavit although uncontroverted (*Lohman* v. *Lohman,* 29 Cal.2d 144 [173 P.2d 657]; *Berg* v. *Journeymen's Plumbers & Gas Fitters Union,* 5 Cal.App.2d 582 [42 P.2d 1091]), since affidavits like oral testimony are addressed to the sound discretion of the court. (*Avila* v. *Meherin,* 68 Cal. 478 [9 P. 428]; *Bender* v. *Hutton,* 160 Cal. 372 [117 P. 322].)　　An affidavit at most is only evidence, not proof of facts related therein, until accepted as proof by the court. (2 Cal.Jur.2d, Affidavits, § 33, p. 642.) Having observed defendant in court personally arguing his motion and having read and considered his lengthy and involved affidavit, the trial judge may have been unwilling to give the allegations therein weight sufficient to establish the truth of his claims on the motion.

　　"It is well settled in this state that a court has no power to set aside on motion a judgment or order not void on its face unless the motion is made within a reasonable time, and it has definitely determined that such time will not extend beyond the limited time fixed by section 473 of

the Code of Civil Procedure as at present in force. (*Smith* v. *Jones,* 174 Cal. 513, 516 [163 P. 890]; *People* v. *Temple,* 103 Cal. 447, 453 [37 P. 414]; *Richert* v. *Benson Lumber Co.,* 139 Cal.App. 671, 675 [34 P.2d 840]; *Vaughn* v. *Pine Creek Tungsten Co.,* 89 Cal.App. 759, 761 [265 P. 491].) However, to the rule just stated there is a well established exception which provides that although the judgment or order is valid on its face, if the party in favor of whom the judgment or order runs admits facts showing its invalidity, or, without objection on his part, evidence is admitted which clearly shows the existence of such facts, then it is the duty of the court to declare the judgment or order void.'' (*Thompson* v. *Cook,* 20 Cal.2d 564, 569 [127 P.2d 909].) Under section 473, Code of Civil Procedure, application for relief from a judgment not void on its face must be made within a reasonable time, ''in no case exceeding six months after such judgment.''

It is apparent from the judgment roll that the judgment herein is not void on its face; it is likewise apparent that while plaintiffs filed no counter affidavit and did not object to defendant's affidavit, they neither admitted facts showing the invalidity of the judgment nor permitted evidence to be admitted ''which clearly shows the existence of such facts,'' for even assuming, for purposes of argument only, that the affidavit was sufficient and that the lower court accepted the same as true, it established no facts which would render the judgment invalid. Thus, the case not falling within the exception to the rule set up in the *Thompson* case, the motion to vacate the judgment was not made within the time prescribed in section 473 and was properly denied.

We devote no time to a discussion of appellant's remaining points—that the complaint fails to set forth the performance of a condition precedent to the termination of the lease within six months, and that the court exceeded its jurisdiction in determining ''upon untried issues'' upon which no evidence was adduced—for the reason that these identical issues were raised and decided on the appeal from the judgment herein. Said the court on page 843 (148 Cal.App.2d 840 [307 P.2d 950]): ''After the case had been tried, it was made clearly to appear that appellant had failed to comply with the terms of the lease, that respondents had performed all covenants on their part to be performed and had not prevented appellant from compliance with his obligations and they were not estopped

to terminate the lease by anything they had done." The court therein also held that appellant's contentions—that the findings and judgment were contrary to the evidence and there was no evidence relative thereto—asserted "an ignorance of the findings and the evidence supporting them." (P. 844.)

For the foregoing reasons the order is affirmed.

Wood, P. J., and Fourt, J., concurred.